Counsel, good morning. Welcome, and please help me with the correct pronunciation of your name. Plaisance. Plaisance. Very well. Thank you, sir. May it please the Court, my name is Kenneth Plaisance. I represent Ms. Connie Constance Beaton. She's the appellant, and she was a civil servant. I think we know the facts pretty well. We have a pretty clear opinion by the administrative judge. But what I need a little help on, at least myself, is whether you're relying on rights that you say remain because of the settlement agreement in the district court as a necessary part of your case on appeal. The problem that I see is jurisdiction over restoration, reinstatement, and constructive discharge policies. And that's what my argument is. But in making your argument, are you relying on rights that you say your client still has based on the settlement agreement of the district court litigation? I'm saying that yes, in terms of reinstatement. Because as an employee, in terms of a civil servant employee that's reinstated, all of her rights— Okay, so then the question is, to the extent you are relying on the district court settlement, how can you maintain that the Merit System Protection Board would have had jurisdiction to enforce that settlement, since it was not a settlement in an MSPB case but was a settlement in a district court case? Why would the MSPB have any jurisdiction to enforce a settlement that terminated a case in a different court? Why wouldn't you have to go back to that court to get any enforcement if it's due of such a settlement agreement? Well, there's confusion again with restoration and reinstatement. But the CFR, 5 CFR, does give jurisdiction to the Merit System Protection Board to hear matters of reinstatement and restoration. But not to enforce a settlement agreement in a different form. And a settlement agreement that was not made part of the MSPB record. Well, I think—well, it's in the record of our briefs. Yeah, but it would—our case law says that to be enforceable by the board, a settlement agreement has to be, number one, in a board case, and number two, in addition, made part of the record in that original board case. Then later, if the agency doesn't implement the settlement agreement terms, the petitioner can come back to the MSPB to get enforcement. But the predicate is that the settlement agreement be part of the record in a prior MSPB proceeding. Here we don't have this settlement agreement in question having been made of record in any prior MSPB proceedings. So that seems to lead to the conclusion, no jurisdiction to the extent that the settlement agreement is being relied on. Well, then again, you know, what we're arguing is the reinstatement part of the settlement agreement. And I think it's number six of the settlement agreement. It says that we will reinstate you, you meet these requirements within a reasonable time. No, I understand what you're relying on, but I don't understand your legal theory of why you're entitled to rely on that because that seems to be beyond the jurisdiction of the MSPB precisely as the administrative judge held. In other words, what's wrong with the ruling by the administrative judge with respect to that agreement saying, I have no jurisdiction, looks to me like that ruling was correct. You say it's not correct, but I don't understand what your basis is for saying not correct. If you look in the Black Flaw Dictionary, reinstatement and restoration are intertwined. Restoration, if you look at… But what I'm suggesting to you is that for no purpose, not reinstatement, not restoration, not anything, can an agreement be relied on when that agreement wasn't before the board in a prior proceeding and made part of the record. My argument is that, and that really comes into a constructive discharge policy scheme. That is, if you're reinstated, you're reinstated as a civil servant with all rights, due process rights, you cannot be terminated without cause. And a lot of the cases suggest that you have to have a hearing, notice, and what have you. But if you are put in a restoration and a conditional employment, conditional appointee, then you go towards a probationary employment, and then you don't have any rights. And so we're saying that it all intertwines with constructive discharge. The question isn't what rights your client had. The question is whether the board had jurisdiction over anything asserted in the appeal that the board dismissed on its conclusion that it lacked jurisdiction. So to get a reversal, you have to show us the board was wrong. They, in fact, did have jurisdiction and wrongly found that they lacked jurisdiction. And I'm trying to get you to help me understand what your basis is of saying that the jurisdictional ruling by the board judge was legally incorrect. You sued in the wrong forum, is what he's saying. Yeah, of course, go back to the district court and enforce the settlement proposal, the settlement stipulation. There again, I have to intertwine all of my arguments with respect to restoration, constructive discharge policy, and a series of harassments that made her job so intolerable that it forced her to quit. And that is what I call constructive discharge policy. I didn't understand that she quit. I understood that she was fired and that the firing was upheld and that she later filed a lawsuit. But I didn't see that she quit. She was removed as a formal proceeding. She was charged with insubordination, removed, appealed, affirmed on appeal, not further repealed, final judgment, removal. That's not resign. That's not quit. That's fired. Well, it's a forced termination. My interpretation of the facts is a forced termination. Well, of course a removal is a non-consensual termination. Of course. But I don't see how you can argue that there was a forced resignation that should be deemed a constructive removal when there was no resignation of any type to begin with. Well, there again, in terms of the restoration, she was given a conditional term. And then they made her job so intolerable that it forced her to resign. They said that she had to meet these requirements within 24 hours. She had to go to Washington, from Houston to Washington, to do training. She had to pass all examinations. Then she had to relocate to New Orleans. And that itself, after Hurricane Katrina, was a death sentence. Basically, that's what I put it. If you go to New Orleans now, it's not as bad as it was in 2006. As I understood the facts, there was no postal inspector job in Houston, where she preferred to be and had been, that was vacant. Therefore, they couldn't give her a job because it didn't exist. A vacancy did exist in the office in New Orleans, so they offered her that. That doesn't seem improper. They can't offer her a job that doesn't exist. They only can offer her a vacancy wherever that might be, whether it's in New York or Chicago or Los Angeles or wherever. They don't have any choice. They can't give her a job unless there's a vacancy. Well, they have to, I think the reg says that they have to look in the communal distance, in the geographical area of Houston. And in the reinstatement, they were supposed to, in the settlement proposal or settlement stipulations, they were supposed to just relocate her, not relocate her, but to put her back in a position in Houston. If there was a vacancy. But there wasn't a vacancy. Well, there again, her argument is that they should have. They should have looked at DAPS. They should have looked in San Antonio. They should have looked in all the other places besides New Orleans to place her. And her argument is that. Now, what's unreasonable about requiring an employee who was off the job for five years because of an injury to be retrained? Well, there again, that's when the stipulation of the settlement says that within a reasonable time, she's supposed to get everything together. That is, it was an audit that she shouldn't have to go through the retraining process, the retraining process, because she already was a civil servant for somewhat 10 years, since 1991. She was a postal inspector employee since 1991. But they have a regulation, as I recall, that says that if somebody's been out more than a few years, they have to go back to the Postal Service Inspector Academy and go through the course again, just like a new employee would be. And in her case, they simply required her to follow that regulation. What's wrong with that? How is that harassment or unreasonable? Well, there again, it goes from the reinstatement to restoration. In the reinstatement, they didn't say that she had to go through all the requirements. In the restoration, they made it intolerable that they put her through all the steps, the necessary steps, as a conditional employee. So she had no rights. They can do whatever they want as a probationary employee. The employer can do what it wants. It can fire without cause or with cause. And as a civil servant, if she was a regular civil servant, they couldn't do that. They have to have just cause. And her rights in terms of due process as a civil servant, regular permanent civil servant, as compared to a probationary employee, were not—it was—it wasn't granted. So they can terminate her as a probationary employee without cause. They can't terminate her as a civil servant. It sounds to me like what you're really saying, counsel, is that the agency was wrong when they said in a letter that the settlement agreement matter is now closed because she wasn't able to show physical ability to do the job. And you seem to be saying that was wrong, that that settlement agreement has to be open-ended and still good today. She still has a right to what was offered in that settlement agreement, as opposed to the agency saying, no, within a reasonable time—and that was the phrase in the agreement—she didn't come back because her injuries prevented her from coming back. Right. What is a reasonable time? But now we're talking about construing an agreement over which the board seemingly lacks jurisdiction. So I think maybe Judge Zagel had it right. It sounds like instead of going to the MSPB, you should have gone back to the district court and said the settlement agreement is still alive and not being followed and being misinterpreted by the agency. Well, of course, I was at the council prior to me filing. I don't mean you, but Ms. Speed should have gone back to the district court. I think it's all interwoven and intertwined. I think that with the constructive discharge policy, with restoration, with reinstatement, I think that the board, at least this disabled body jurist, should tackle restoration and reinstatement and maybe give us some guidelines. All right. I think we have your argument. Maybe you want to reserve the rest of your rebuttal time. All right. Mr. Morrow, I understand that you're arguing first. That's correct. Are you able to enlighten me why anybody's arguing second? Excuse me? Why is it that the government's being represented by two different lawyers in this case? Because the Postal Service intervened in the case. Well, I understand that there are two parties because they're an intervener. But what I don't understand is why we need to have two lawyers. Are the positions in conflict? Are you taking position A and Ms. Kidmiller is going to take a position different from A? No, I don't believe there's any difference in our position. But they asked to have a few minutes' time in case the court had any questions about the merits underlying this that were separate. Well, how could we have any questions about the merits when the only issue before us is jurisdictional? Well, your point is well taken. Well, in any event, tell us whatever you have to tell us about jurisdictional issues. Of course, we agree that the board does not have authority to enforce the settlement agreement. And to the extent that the petitioner is relying on the settlement agreement, he is in the wrong forum. Does that mean he can't put the settlement agreement for whatever it says in front of the board judge with respect to decisions the board might have jurisdiction over? Is it like excludable evidence or just it can't be the sole basis of being in front of the board? It can't be the sole basis for being before the board because it doesn't give the board any jurisdiction. It didn't make the board – it didn't provide for the board to enforce the agreement. Well, what about the wrongful restoration type jurisdiction? Why wouldn't that be invocable here? There's no dispute that Ms. Speed recovered from her injury within – at more than one year from the beginning of benefits. And the rights that she's entitled to under the regulations and under the Federal Employee Compensation Act are to have priority consideration for restoration to her former job or equivalent. And to appeal to the board – she may appeal to the board by providing information that she was denied restoration, denied priority consideration by the employment of another person. But she has at no point alleged that the reason why she was not reemployed was because of another person's employment. Where does the law come from that says somebody else has to have gotten the job that the former employee entitled to priority reinstatement says that person should have gotten? That's in the regulation that confers jurisdiction on the board. What does it say? It says – let me read it. An individual who is covered by the Federal Employee Compensation Act and is entitled to priority consideration under this part may appeal a violation of his restoration rights to the board under the provisions of the board's regulations by presenting factual information that he or she was denied restoration rights because of the employment of another person. Petitioner's not claiming that she didn't get the job because another person got it. What she's challenging – she concedes, of course, that the agency offered her a job. And what she's challenging are the conditions placed on that and various details about the job. She objects to the requirement that she go to a training school because of the long time she was out. No, no, that's not quite right. She says she should have to audit the training course in Potomac, Maryland, but not have to take the exam because, she says, the agreement reached in the district court litigation said auditing would be good enough. And so she says that the requirement that she go to take the course and take the exam is inappropriate because it conflicts with the prior agreement entered into by the postal service. But that goes to the point that the board does not have authority to enforce the agreement. Under the agreement, the agency, after six months and she had failed to comply with the requirements under the agreement, they determined that their obligation was ended by her failure and closed the matter. If she believes that the agency was wrong in that, her recourse would be to seek enforcement of the agreement in the district court, not at the board, because the board doesn't have authority over the matter. Well, that's the issue in the case. Yes, it is an issue in the case as to whether or not the board has jurisdiction. Why shouldn't the board have authority under the notion of wrongful restoration or wrongful reinstatement? Actually, the board does not have any jurisdiction over an improper restoration claim presented by an individual who took longer than one year to recover from their compensable injury. Because of that, it's clear even in the statute that originally creates these rights that improper restoration claims are only available to those who recover within one year and who have an absolute right to restoration. But it's not those who take longer only have the priority consideration right, and they do not have the right to have the conditions of the reemployment considered by the board. Mr. Morrow, the appellant in the blue brief says that 5 CFR 353.401 provides an employee who has been denied reinstatement can properly take an appeal to the board. And this was asserted as a basis for board jurisdiction. What page is that? Page 15. Well, that is just a snippet from a regulation that no longer exists. Well, that was the point I was going to raise, because my research suggested that regulation no longer exists. The current regulation is at 353.304. My quick read of the government's brief is that, and maybe I'm wrong, but I didn't see any mention in your brief of the fact that the appellant was relying on a regulation that's no longer in effect. Yes, unfortunately, I failed to draw that to your attention, Your Honor. Well, despite the fact that the government's represented by two lawyers. Perhaps. That was missed. Sorry about that. It's an important point, is it not? Yes, it is an important point, although the ultimate regulation that confers the appeal right, because of the 353.304, the current one, directs you to 302.501, which he does quote, and which is the regulation that specifically explains what the priority consideration right on appeal is. I understand that, and the regulation that's currently in force is significantly different than the one that was cited and relied upon that's no longer in force. That's true. Which is why I would have expected to find it in your brief. And I will point out that this is just an excerpt from that, and the substance of the former 353.401 is, in fact, the same as the current 353.304B, because this is by no means, this is not the whole regulation at all. I should have pointed that out to you. I understand you to be saying, in effect, that everything she is arguing is outside the jurisdiction of the board and could only be argued in the district court, right? Yes, the claim is only in the district court. The other claim, there simply is no regulatory appeal right to deal with the improper restoration claim in those cases. I'm trying to figure out if it's practical to say she should have gone back to the district court. What could the district court have done? If her position is, I'm entitled under an agreement to be reinstated and retrained at the academy, but not have to take the exams, which I took many years ago and passed, and the agency is saying, no, you must take the exam, now what could the district judge do about that? The agency was a party to that case. If the district court believes that the agency has breached that agreement and misinterpreted it, it can certainly order the agency to take whatever remedy he believes appropriate. Well, would that include the district judge ordering the head of the postal service to allow this employee to go through retraining at the postal inspector academy, but not take the exams? I believe it would, if he concluded that she was right in that interpretation of the agreement, which I doubt that he would, but if he did, because, in fact, the reason why they didn't reinstate her was that It's not so clear that the district judge would have that authority, given that the Civil Service Reform Act seems to give all authority to the Merit System Protection Board to police employee rights, including rights to restoration and reinstatement. Well, in the case of the mixed case involving both discrimination and other civil service matters, the Civil Service Reform Act provides for a role for the Equal Employment Opportunity Commission and for the district court. Petitioner was in the district court because she had filed concerning her removal from her job, which you referred to earlier. But I'm just trying to focus you on the crux of this case. The crux of the case is, she says that she should have been allowed to go back to the academy, but not have to take the exam. And the agency said, no, no reinstatement, no restoration, no nothing, unless you take the exam. So then the question seems to come down to, could a district judge have ordered that she be reinstated to the academy on an audit-only basis and not have to take the exam? Or would that have been outside the jurisdiction of the district judge? I certainly don't think it would have been outside his jurisdiction. Do you have a basis for not thinking that? The agency and Ms. Mead were parties to a settlement agreement, which… Then maybe the agency gets held in contempt by the district judge, but the head of the academy isn't ordered to let her skip the exams. I think it would entirely depend on—I don't see why the court could not order the agency to comply with pieces of that agreement. In a wide range of cases, the government will usually object to any court order which orders any agency to violate its own regulations. And that's a persistent concern, at least for district judges, that no matter how clear the authority is, the agency says, I'm bound by my own regulations, I have to do it this way. And the issue is, if Speed sued in the wrong forum, the problem we face is there might not be a right forum. There might not be an available forum. Well, she sued in the wrong forum here, but I believe it was the right forum in the district court. I'm not sure how a situation where the agency as a party agrees to something that would not normally be allowed under its customary practice, how that would be reconciled. But I think that is the situation here, that that's where she would have to go. And I did cite in my brief a Court of Federal Claims case which addressed the authority of district courts to enforce Title VII agreements. And in that case, even though arguably the Court of Federal Claims would have had Tucker Act jurisdiction, they nonetheless declined to exercise that and cited other Court of Federal Claims decisions that took the same line. In the case of Title VII, because it's a comprehensive scheme in itself, enforcement of such agreements should not be sought in the Court of Federal Claims, but in the district court. Now, one other point I'd like to make is when Petitioner was removed and appealed, the board did not uphold her removal, but rather dismiss that appeal because she's not an employee of the Postal Service who is entitled to appeal adverse actions to the board. She's neither a veteran nor a manager nor a supervisor. Thank you for the correction. And for the same reason, even if you would buy her constructive removal argument that somehow by declining the agency's job offer, she was actually forced to retire or to resign, even if you could accept that characterization, it would not state a constructive adverse action claim for the board because since she can't – she's not the type of employee who can appeal an adverse action. She can't appeal a constructive adverse action either. All right. Thank you. And now, Ms. Kidd-Miller, the Court's always happy to have you here and heard many arguments from you, but I have a question about whether you really have anything to add or disagree with that's been said by Mr. Morrow. No, thank you, Your Honor. Very concise, very helpful. All right. Well, we thank all three counsel and we'll take the appeal under advisement. Thank you.